# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY DELAFUENTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:22-cv-00280 |
| | § | |
| CORPUS CHRISTI REGIONAL | § | |
| TRANSPORTATION AUTHORITY, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Anthony DeLaFuente files this Original Complaint against Defendant Corpus Christi Regional Transportation Authority, and shows as follows:

### PARTIES

1. The plaintiff is Anthony DeLaFuente. He is an individual and resident of Nueces County, Texas.

2. The defendant is Corpus Christi Regional Transportation Authority ("the defendant"). It is a quasi-governmental entity lawfully formed and existing in Nueces County, Texas. The defendant may be served with process by personal service on its CEO, Mr. Jorge Cruz-Aedo, CCRTA, 602 N. Staples, Corpus Christi, Texas 78401.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. It presents a federal question.

## VENUE

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The defendant is a provider of public transportation in and around Nueces County, Texas.

6. The plaintiff is 58 years-old. He was employed by the defendant for about 14 years. He was employed as a garage service technician. He performed maintenance on buses used for public transportation.

7. The plaintiff was discharged from this employment by the defendant on or about July 14, 2021. The discharge notice states that the plaintiff's discharge is warranted because of a physical altercation that occurred in a break room on July 7, 2021. To be clear, there was a physical altercation. However, the plaintiff did nothing to cause it. At most, he acted in self-defense. This is because Nathan Robertson (under 40), a co-worker, first, verbally assaulted the plaintiff in a break room, left, then returned and angrily pushed a table that the plaintiff was sitting at, causing a cup of hot coffee to spill

onto the plaintiff.  In response to the physical attack by Mr. Robertson, the plaintiff stood up, at which time Mr. Robertson grabbed the plaintiff's face, breaking his eye-glasses.  It is fair to say that the plaintiff resisted the attack but threw no punches and took no aggressive action toward Mr. Robertson.  Other employees grabbed both and separated them before it escalated further.  This recitation of facts is not only not controvertible, but supported by a written statement from a witness, Mr. Isaac Zapata.

8. Further, what is cited in the plaintiff's discharge notice is that the plaintiff's conduct violated a policy against horseplay on the defendant's property and/or fighting or making threats of physical violence on the defendant's property.  Clearly, however, the plaintiff was not engaged in any "horseplay" with Mr. Robertson and undoubtedly did not "fight or threaten physical violence" toward Mr. Robertson.  Indeed, in doing nothing more than resisting the attack from Mr. Robertson and defending himself, the plaintiff did nothing to violate any cited policy of the defendant.

9. Clearly, the alleged basis for the discharge is a pre-textual basis to cover-up the unlawful motivation of age discrimination.  Notably, the plaintiff previously complained to the defendant about age discrimination, in writing, on May 30, 2017, because he had begun to work slower because of aging and work-related injuries.

10. Based on information and belief, the person chosen to replace the plaintiff is under the age of 40.

11.     The administrative process was exhausted by the plaintiff before this suit was filed.

## CAUSES OF ACTION

### Count 1—Age Discrimination (State and Federal Law)

12.     The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-11, *supra*.

13.     The plaintiff is in a protected class of persons because he is over the age of 40.

14.     The defendant discriminated against the plaintiff because of his age (58) in discharging him from his employment.  The plaintiff alleges that his age (58) was a motivating factor in the defendant's decision to discharge him and that he was replaced by an employee substantially younger and, based on information and belief, under the age of 40.

15.     The plaintiff also alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

16.     The defendant's conduct caused damages to the plaintiff.  He therefore seeks to recover his economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by, all of his costs and attorney's fees incurred in this matter.

**PRAYER**

17. For these reasons, Plaintiff Anthony DeLaFuente, respectfully requests that Defendant Corpus Christi Regional Transportation Authority be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's reinstatement, damages, economic damages, non-economic damages, liquidated damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
jbrooks@brooksllp.com

**Attorneys for Plaintiff Anthony DeLaFuente**